ILLINOIS CENTRAL RAILROAD COMPANY

v.

JOHN L. NOBLE.

42 509
142s 578

*Railroads—Negligence—Injury to Stock—Evidence—Instructions.*

Regardless of what care an owner of stock may have taken to prevent the same from going upon a railroad track, it is the duty of railroad employes to use reasonable care and caution to discover them when on such track, and to slacken speed to avoid injury; failing to do this, the company is liable for injuries inflicted.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. WILLIAMS & CAPEN, for appellant.

Messrs. STEVENSON & EWING and JOHN F. WIGHT, for appellee.

*Per Curiam.* Appellee recovered a judgment against appellant for $555, for the value of five head of horses killed on their railroad by an engine of the appellant. There is no question that appellant had erected and maintained a fence at the point where the animals went upon the track. It is probable from the evidence that they passed through a gate at a farm crossing, but there is nothing to determine by whose fault the gate was opened, nor are there any circumstances in proof tending to show what care, if any, had been taken by appellee to prevent the stock from so getting upon the track.

The train drawn by the engine consisted of some twenty-three loaded freight cars. The collision occurred at night. No proof was introduced by appellee tending to show the circumstances, save the position of the animals when found the next day, and their hoof marks along the road-bed. According to his theory, more or less supported by these indi-

cations, the animals came on the track at the farm crossing and passed thence north some 235 feet to the place where the first was struck—the others being struck a short distance further on. His suggestion is that from these marks they must have walked until just before they were struck, and then that they started to run and had made a few jumps before the first one was overtaken; further that it was a clear night, the moon shining brightly, and that the track was straight, so that it was possible for the animals to have been observed by the engineer for a quarter of a mile or more.

The appellant proved by the engineer that he was looking ahead, and that the animals came on the track from the east a very short distance in front of him; that he did all in his power to stop, but that it was impossible to do so in time to avoid the collision.

In this he is corroborated by the other men on the train, and it appears by his and their evidence and that of experts having had long experience, that such a train could not have been stopped within less than a quarter of a mile.

At the instance of the appellee, the court instructed the jury as follows:

"1. The court instructs the jury that in determining the question of the liability of the railroad company in this case, you have a right to take into consideration the character and circumstances of the injury as shown by the evidence, and in weighing the testimony you should consider all the evidence together and give to the testimony of every witness whatever weight in your judgment it deserves; and if from all the evidence and from all the circumstances shown by the evidence you believe that by the exercise of reasonable care and caution the horses could have been seen by the employes of defendant in charge of said train after said horses were on the track of defendant's railroad in time to have stopped said train, or to have reduced its speed so as not to have injured said horses, by the exercise of reasonable diligence, then it was the duty of such employes to have done so, and if they did not, then the defendant is liable for such negligence, and the plaintiff is entitled to recover whatever the jury may believe from the evidence said horses were worth."

This presents the main question of law involved in the case; that is to say, regardless of what care the owner may have taken to prevent the animals getting on the track, was it the duty of the railroad employes to use reasonable care and caution to discover them when on the track, and to slacken the speed to avoid injury, and if there was a want of such care would the company be liable for the consequences? It may be conceded there is some difficulty in harmonizing the adjudications in similar cases, but a majority of the court are of opinion this instruction is a correct statement of the law applicable to the facts; that there is sufficient evidence upon which to predicate recovery, and that the judgment should therefore be affirmed.

*Judgment affirmed.*